IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DANA DIEHM,<br><br>    Plaintiff,<br><br>vs.<br><br>CMRE FINANCIAL SERVICES, INC.,<br>Serve at:<br>CT Corporation System<br>120 South Central Ave.<br>Clayton, MO 63105<br><br>    Defendant. | Case No.: 4:20-cv-122 |

## COMPLAINT SEEKING DAMAGES FOR VIOLATIONS OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1. This is an action for statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair Practices. *Id.*

2. The purpose of the FDCPA is to eliminate abusive debt collection Practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection Practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. *Id.*

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." *Donahue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010).

4. Even a single violation of the FDCPA is sufficient to support liability. *Taylor v. Perrin, Landry, deLaunay, & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997).

## Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

## Venue

6. Venue is proper in this Judicial District.

7. The acts and transactions alleged herein occurred in this Judicial District.

8. Plaintiff resides in this Judicial District.

9. Defendant transacts business in this Judicial District.

## Standing

10. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

11. Specifically, Plaintiff suffered a concrete informational injury to her reputation as a result of Defendant's communication of false information to third parties in connection with its attempt to collect an alleged debt from Plaintiff.

## Parties

12. Plaintiff, Dana Diehm, is a natural person.

13. Plaintiff is a "consumer" as that term is defined by § 1692a.

14. Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

15. Defendant, CMRE Financial Services, Inc. ("Defendant"), is organized as a California corporation, but which maintains a registered agent in the State of Missouri. Defendant can be served at the office of its registered agent, CMRE Financial Services,

Inc., CT Corporation System, 120 South Central Ave., Clayton, MO 63105. (Exhibit A, Record from the Missouri Secretary of State).

16. The principal purpose of Defendant is debt collection.

17. Defendant is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6) of the FDCPA.

18. The principal purpose of Defendant is debt collection.

19. Defendant is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6) of the FDCPA.

20. Defendant is engaged in the business of a collection agency, using the mails and/or telephone to collect consumer debts.

## FACTUAL ALLEGATIONS

21. Plaintiff incurred an alleged debt that was primarily for personal, family or household purposes as defined by § 1692(a)(5).

22. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

23. Defendant was subsequently retained, hired or otherwise assigned the alleged debt for collection.

24. Plaintiff disputes the debt.

25. Plaintiff requests that Defendant cease all further communication on the debt.

26. Plaintiff retained Callahan Law Firm, LLC for legal representation regarding Plaintiff's debts.

27.     Prior to December 30, 2019, Defendant had been attempting to collect the alleged debt at issue from Plaintiff.

28.     On December 30, 2019, Plaintiff's legal counsel sent a letter to Defendant via facsimile.  This letter indicated that Plaintiff had retained legal counsel regarding the alleged debt that Defendant was attempting to collect.  This letter also indicated that Plaintiff disputed the debt.  (Exhibit B, Representation Letter).

29.     Defendant received Plaintiff's letter on or about December 30, 2019. (Exhibit C, Fax Confirmation).

30.     Communications sent via facsimile are assumed to have been received by the intended recipient if the facsimile confirmation indicates a successful transmission.  *See Laouini v. CLM Freight Lines, Inc.,* 586 F.3d 473 (7th Cir. 2009) (holding that facsimile confirmation generated by the . . . fax machine was sufficient to create a factual dispute that . . . was received. . . .); *Bridgeview Health Care Center Ltd. v. Clark*, 2011 WL 4585028, 3 (N.D. Ill 2011) ("Indeed, in the facsimile transmission context, it is commonly understood that 'success' means that 'the two fax machines have performed an electronic "handshake" and that the data has been transmitted from one machine to the other.").

31.     Further, on January 26, 2020, Defendant communicated information regarding the alleged debt to the Experian consumer reporting agency.

32.     Defendant communicated, *inter alia*, an account balance, an account number, and a date reported.  (Exhibit D, Excerpt from February 2020 Experian Credit Report).

33. Defendant failed to communicate that Plaintiff's alleged debt was disputed when it communicated other information to Experian regarding the alleged debt in January, 2020.

34. Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

35. Defendant materially lowered Plaintiff's credit score by failing to notate Plaintiff's dispute.

36. A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F.3d 142, 146-47 (4th Cir. 2008).

37. Defendant violated the FDCPA by failing to communicate the alleged debt as disputed.

38. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

39. Before January 26, 2020, Defendant knew that Plaintiff had disputed the alleged debt because Plaintiff's counsel had previously notified Defendant of that dispute by letter on December 30, 2019.

40. Even though Defendant knew or should have known, prior to January 26, 2020, that Plaintiff disputed owing the alleged debt, Defendant failed thereafter to communicate the fact of Plaintiff's dispute to the Experian credit reporting agency when Defendant communicated other information regarding the alleged debt, in violation of 15 U.S.C. § 1692e(8).

41. Defendant should have communicated to Experian that the debt was disputed so Plaintiff's credit report would accurately reflect such status.

42. "The plain language of § 1692e(8) requires debt collectors to communicate the disputed status of a debt if the debt collector "knows or should know" that the debt is disputed." *Brady v. Credit Recovery Co., Inc.*, 160 F.3d 64, 67 (1st Cir. 1998).

43. "[I]f a debt collector *elects* to communicate 'credit information' about a consumer, it must not omit a piece of information that is *always material*, namely, that the consumer has disputed a particular debt." *Wilhelm v. Credico, Inc.*, 519 F.3d 416, 418 (8th Cir. 2008).

44. "[T]he failure to inform a credit reporting agency that the debtor disputed his or her debt will *always* have influence on the debtor, as this information will be used to determine the debtor's credit score." *Evans v. Portfolio Recovery Associates*, 2018 U.S.App. LEXIS 11372 (7th Cir. 2018).

45. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *Duffy v. Landberg*, 215 F.3d 871, 873 (8th Cir. 2000).

46. The FDCPA is a remedial statute that "should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002).

## COUNT I – FAIR DEBT COLLECTION DEFENDANTCTICES ACT

47. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

48. Defendant failed to communicate the fact of Plaintiff's dispute to the Experian credit reporting agency when Defendant communicated other information regarding the alleged debt, in violation of 15 U.S.C. § 1692e(8), despite having knowledge of Plaintiff's dispute.

49. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs, and reasonable attorney fees.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

a. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

b. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: /s/ Ryan M. Callahan
Attorney for Plaintiff

Ryan M. Callahan #62666
James R. Crump #65514
**Callahan Law Firm, LLC**
222 W. Gregory Blvd., Suite 210
Kansas City, MO 64114-1138
Ph: 816-822-4041
ryan@callahanlawkc.com
james@callahanlawkc.com
Attorneys for Plaintiff